## SUCCESSION OF FRANÇOIS ROBOAUM.

The validity of a decree appointing a dative testamentary executor, cannot be inquired into collaterally.

Where the bond given by an executor, on an appeal from a judgment rendered against him by a Court of Probate on the opposition of the heirs, purports to be executed in favor of the heirs only, but was intended in reality for the benefit of all entitled to receive any part of the assetts in his hands, and whose right to enforce payment was suspended by the appeal, it will enure to the benefit of all.

APPEAL from the Court of Probates for the Parish of New Orleans, *Bermudez*, J.

*Preaux*, for the appellant.

*Roselius*, for the appellees.

MORPHY, J. In 1836, Jacques Le Fort rendered an account of his administration as testamentary executor of the late François Roboaum. The heirs at law of the deceased filed an opposition to the same, on various grounds. Some of their objections having been sustained, the executor took a suspensive appeal, after executing a bond with Louis Ferrand, *fils*, as his surety, in the sum of eight thousand dollars. The judgment appealed from was affirmed in some particulars, and amended in others; so that the said J. Le Fort was finally condemned to refund to the succession a sum of $5,219 48. 12 La. 73. Shortly after this, J. Le Fort

absconded. The Court of Probates proceeded to appoint a dative testamentary executor, at the instance of one of the legatees of the estate, who suggested that Le Fort had left the country without paying his legacy and some of the debts set forth in his account. A. D. Doriocourt, the dative executor thus appointed, had a *fieri facias* issued against the former executor, to which a return of *nulla bona* having been made, he moved for and obtained a judgment against the surety on the appeal bond, pursuant to article 596 of the Code of Prac., Louis Ferrand, *fils*, appealed.

A variety of grounds were taken below by the appellant, in answer to the rule served upon him; of these, only two have been relied upon in this court, to wit:

1. That there was no room to appoint a dative executor, as the succession had been settled, and the account of the former executor finally homologated; and that the appointment, if proper, was illegally made, not having been preceded by public advertisement.

2. That the dative testamentary executor had no right of action on the appeal bond, it having been executed in favor of the heirs of Roboaum alone.

I. The decree appointing Doriocourt dative testamentary executor to the estate, has never been appealed from ; its validity cannot be inquired into collaterally, as is attempted to be done here.

II. The bond purports to be executed, it is true, only in favor of the heirs of Roboaum, but as its amount covers not only their residuary interest in the succession as heirs, but also the claims of the legatees and creditors, whose right to receive or enforce payment was suspended by the appeal of the executor, it was no doubt done in their names, only because they were thought the most proper persons to represent the estate in opposition to the executor, whose account they had opposed. It was in reality intended for the benefit of all persons who, like them, were to receive a part of the *assetts* in the hands of the executor, and should enure to their advantage. 9 La. 25. The condition of this bond is, 'that J. Le Fort shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him,' &c. The judgment rendered was one amending the executor's account, and fixing his liability to the estate of Roboaum. This debt of the former executor, which is covered by the bond, must be recovered by the

dative executor who now represents the succession, in order to enable him to comply with the decree of the court, whereby the funds of the estate are to be distributed in accordance with the account as amended and homologated.

*Judgment affirmed.*